```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| REUBEN A. JACOBS, SR., | Civil Action No. |
|  | 09-cv-370 (NLH)(KMW) |
| Plaintiff, |  |
|  | **MEMORANDUM & ORDER** |
| v. |  |
| THE CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, et al., |  |
| Defendants. |  |

**HILLMAN, District Judge**

   This matter having come before the Court on the motion by Plaintiff, Reuben A. Jacobs, Sr., seeking default judgment against Defendants for their purported non-compliance with the Federal Rules of Civil Procedure, specifically their failure to produce discovery in a timely manner; and

   Plaintiff having commenced his suit against Defendants around January 2009; and

   Plaintiff arguing, in support of his Motion for Default Judgment, that Defendants did not comply with the Magistrate Judge's Scheduling Order and have withheld discovery, to Plaintiff's detriment; and

   Counsel for defendants, Zamot, Laambs, and Pratts, explaining, in a letter dated May 21, 2010, that "[t]o the best of my knowledge, plaintiff has not served any specific discovery

request directed to the individual defendants, Officer Zomot, Officer Laambs and Officer Pratts"; and

Counsel for defendant, Cumberland County, explaining, in a letter dated May 26, 2010, that Defendants have complied with Plaintiff's requests, albeit tardily;[1] and

The Court noting that "[e]ntry of a default judgment is an available sanction for failure to comply with a court's discovery order," Ramada Franchise Sys. v. Patel, 2004 U.S. App. LEXIS 11300, at *7 (3d Cir. Jun. 8, 2004) (quoting Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992)); and

The Court further noting that when determining the propriety of default judgment under such circumstances, a court must consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

---

[1] Plaintiff also named as defendants in this case the Cumberland County Department of Corrections and the Cumberland County Board of Chosen Freeholders. Both of those parties were dismissed from this case pursuant to the Court's Order dated March 23, 2009. The only remaining defendants are Officers Zamot, Laambs, and Pratts, and Cumberland County.

Id. at *8 (quoting Hoxworth, 980 F.2d at 919); and

    The Court further noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

    The Court finding that no prejudice to Plaintiff is clearly discernible from Defendants' alleged malfeasance; and

    It appearing that Defendants have substantially complied with Plaintiff's discovery requests; and

    It further appearing that any dilatoriness in complying with those requests was not material, continuous, or an act of bad faith; and

    The Court further finding that, to the extent that Defendants did not provide all discovery in a timely manner, default judgment is not the appropriate remedy at this time, but that a motion to compel discovery would likely resolve any disputes between the parties and provide whatever relief to which

Plaintiff is entitled without circumventing the merits of this case;[2]

Accordingly,

**IT IS HEREBY** on this __21st__ day of __October__, 2010

**ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 38] is **DENIED**.


At Camden, New Jersey                    /s/ NOEL L. HILLMAN
                                         NOEL L. HILLMAN, U.S.D.J.

---

[2] It is worth noting that the matter of discovery appears to be moot at this stage of litigation. Since the filing of Plaintiff's Motion for Default Judgment and Defendants' oppositions, Plaintiff, who previously represented himself pro se, has obtained representation by counsel. It appears that Plaintiff's counsel has not raised any concerns with discovery before the Magistrate Judge since his appearance in this case. Also, since that time, the Magistrate Judge has approved a Joint Final Pretrial Order and a trial date of January 10, 2011 has been set for this case.